IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BARFIELD, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21-cv-00190 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J. C. STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Christopher Barfield, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Barfield asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his 2010 conviction under 18 U.S.C. § 922(g) is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (hereinafter "*Jones*") (allowing § 2241 challenge to federal conviction). Respondent filed a response in opposition and a request for dismissal (Dkt. No. 12), arguing that the petition should be dismissed because the court lacks jurisdiction over it, Barfield has procedurally defaulted his claims, and his claims fail on the merits. Barfield filed a reply. (Dkt. No. 16.)

Shortly after the response was filed, the court granted Barfield's first motion to amend (Dkt. No. 11), noting that it would consider the additional arguments he raised in that motion and giving respondent the opportunity to file a supplemental response. (Dkt. No. 15.) Respondent filed a supplemental response, to which Barfield has not responded.

Also pending before the court is Barfield's second motion to amend. (Dkt. No. 17.) The court will grant that motion insofar as it will consider the additional arguments he raises therein. After considering all the briefing, including Barfield's supplemental filings, the court concludes

that jurisdiction is lacking over Barfield's § 2241 petition. Thus, the court will dismiss the petition without prejudice for lack of jurisdiction.

I.  BACKGROUND

In August 2007, a grand jury in the United States District Court for the Eastern District of Pennsylvania charged Barfield with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). *See generally United States v. Barfield*, Case No. 2:07-cr-00481-ER (E.D. Pa.).[1]

Barfield elected to go to trial, and the jury convicted him of the offense. At sentencing, the United States provided certified copies of Barfield's prior adult convictions. These showed that he previously had been convicted of four charges of manufacturing with the intent to deliver a controlled substance in Philadelphia County, Pennsylvania. (Presentence Investigation Report ("PSR") ¶¶ 30, 36–48, Dkt. No. 13.) His sentences were expressed in ranges. For example, on each of his first two offenses, he was sentenced to "time served to 23 months," but he was granted parole on the day he was sentenced. (*Id.* ¶¶ 36, 39.) He also was sentenced for his third and fourth offenses on the same day, although the offenses were committed on different days. For each, he was sentenced to serve 18 months to 3 years. (*Id.* ¶¶ 42, 46.) He spent almost three full years in custody for those two offenses.

Because of these prior convictions, Barfield was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which sets forth increased sentencing penalties for persons with three prior serious drug offenses or violent felonies. *Barfield*, ECF No. 58, at 3. His applicable guideline range was 262 to 327 months. *United States v. Barfield*, 348 F. App'x 743, 744 (3d Cir. 2009). The court sentenced Barfield to 300 months' imprisonment on April 23,

---

[1] The court will cite to docket entries in the underlying criminal case as "*Barfield*, ECF No. ___." Citations to docket entries in the case at bar will appear in parentheses as "Dkt. No. ___."

2008. *Barfield*, ECF No. 46.

Barfield appealed, and the Third Circuit affirmed his conviction and sentence. *Barfield*, 348 F. App'x at 746. Barfield's petition for rehearing *en banc* and his petition for writ of certiorari both were denied. The Third Circuit issued its mandate on April 12, 2010.

In February 2011, Barfield filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. *Barfield*, ECF Nos. 56, 65. The sentencing court also denied a number of arguments raised for the first time in his reply brief, finding them untimely. *Id.*, ECF No. 65. The Third Circuit denied Barfield a certificate of appealability. *Id.*, ECF No. 71.

On June 8, 2020, Barfield filed a successive § 2255 petition, and he raised the same arguments he asserts in the § 2241 petition before this court. The district court transferred the successive petition to the Third Circuit to determine whether the district court could consider it. *Id.*, ECF No. 74. After Barfield failed to prosecute his appeal, the Third Circuit dismissed the case. *Id.*, ECF Nos. 75, 76.

Barfield's § 2241 petition was received by the Clerk of this court on April 1, 2021. (Dkt. No. 1.) In it, Barfield challenges his felon-in-possession conviction, pursuant to 18 U.S.C. § 922(g). Section 922(g) makes it unlawful for certain individuals to possess firearms. "The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Barfield asserts three related arguments, all relying on *Rehaif*. First, he makes a sufficiency of the evidence argument, contending that the government failed to prove at trial that he knew he was a prohibited person. Second, he asserts that the indictment was constitutionally deficient because it failed to allege that Barfield knew he was a prohibited person. Third, he claims that he was not properly convicted because the jury was not instructed that they had to find he knew he was a prohibited person. (Pet. 6–7, Dkt. No. 1.)

For relief, Barfield requests that this court reduce his sentence to time served and release him immediately. Alternatively, he requests that his conviction and sentence be vacated and that the trial court be permitted to retry him. (Pet. 8.)

In his supplemental filings, Barfield primarily explains why he believes he can satisfy the *Jones* test and why he believes *Rehaif* is retroactive. He also elaborates upon his three primary arguments. (*See generally* Dkt. Nos. 11, 17.)

## II. DISCUSSION

**A. The Court Lacks Jurisdiction Over Barfield's § 2241 Petition.**

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

4

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this case, Barfield was convicted in the Eastern District of Pennsylvania, which is within the Third Circuit. Thus, Third Circuit substantive law governs Barfield's petition, but the court looks to Fourth Circuit law concerning the availability of § 2241. *See id.*

Respondent's opposition first notes that respondent disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Opp'n 9, Dkt. No. 12.) Respondent next moves to dismiss the petition based on the court's lack of jurisdiction. In particular, although respondent acknowledges that Barfield's claim satisfies the first and third *Jones* requirements, (*id.* at 9 n.5), he argues that Barfield's § 2241 petition fails to meet the second. (*Id.* at 9–12.) Respondent also contends that, even if the court had jurisdiction, Barfield

5

has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 12–18.) Lastly, respondent maintains that Barfield's *Rehaif* claim fails on its merits. (*Id.* at 18–19.)

The court agrees with respondent—and with the vast majority of district courts within the Fourth Circuit—that Barfield and petitioners in similar factual circumstances cannot satisfy the second *Jones* requirement because "the conduct of which the prisoner was convicted" remains criminal, even after *Rehaif*. *See, e.g.*, *Asar v. Travis*, Civil Action No. 6:20-294-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) (concluding that the second *Jones* element was not satisfied because "being a felon in possession of a firearm remains a valid criminal offense" and petitioner admitted the facts essential to a conviction under § 922(g) by pleading guilty), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion); *see also Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022) (noting that defendant had been convicted of multiple felony offenses in concluding that the second *Jones* prong was not satisfied); *Albritton*, 2021 WL 3432845, at *3 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (ruling that petitioner's *Rehaif* claim could not proceed under § 2241 because he could not establish the second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[3] *But see*

---

[3] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, albeit in unpublished, per curiam decisions. *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir.

6

*Moore v. Warden of FCI Edgefield*, 557 F. Supp. 3d 704, 711–14 (D.S.C. 2021) (disagreeing with the reasoning of decisions cited in the preceding paragraph and concluding that the second *Jones* requirement was satisfied by a similar *Rehaif* challenge, but nonetheless rejecting the claim both (1) because it was procedurally defaulted and the petitioner could not show "cause and prejudice" or that he was "actually innocent," and (2) because his claim would fail on the merits regardless).

Barfield's motion does not explicitly state that he did not know he was a felon. To the extent he is so alleging, he provides no evidence to support any such allegation. Furthermore, there is ample proof in the record to support the knowledge-of-status element. On this issue, and although it involved direct appeals rather than collateral attacks, the Supreme Court's decision in *Greer* is instructive.

*Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020). In the Eleventh Circuit case, the defendant had gone to trial. As in Barfield's case, Greer did not request or receive a jury instruction requiring that the jury find that he knew he was a felon when he possessed a firearm. The *Greer* Court concluded that the error was not a "structural" one. Instead, it was subject to plain error review. Thus, to succeed on direct appeal, Greer had to show that, if the district court had correctly instructed the jury on the *mens rea* element, there is a "reasonable probability" that he would have been acquitted. *Id.* at 2097.

As the *Greer* Court acknowledged, a defendant faces "an uphill climb" to make that showing, reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also*

---

Sept. 17, 2021) (affirming district court's denial of § 2241 petition raising *Rehaif* claim for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same). The Fourth Circuit has not spoken in a published decision on the issue.

7

*id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). In concluding that Greer could not meet his burden to show that, absent the errors, the jury's verdict would have been different, the Court explained that not only was Greer, in fact, a felon, but the following facts were true: (1) Greer had been convicted of "multiple felonies," which was "substantial evidence" that he knew he was a felon; (2) Greer had never "disputed the fact of [his] prior conviction"; and (3) Greer had not made a representation that he would have presented evidence at trial that he did not in fact know he was a felon at the time of the offense. *Id.* at 2097–98.

All three of those facts are true for Barfield, as well. Like Greer, Barfield does not dispute that he is a felon, which makes it difficult to demonstrate prejudice "for one simple reason: Convicted felons typically know they're convicted felons." *Id.* at 2098 (citation omitted). Also, Barfield has never disputed the fact of his prior convictions, and he was convicted of at least four prior felonies. Barfield also has not represented that he would have presented evidence that he was unaware of his status as a felon.

Additionally, and unlike some defendants who are convicted of a felony but are not sentenced to more than a year, Barfield received sentences of more than one year on multiple occasions before this offense, and he actually *served* almost three years shortly before committing the offense in this case. *Cf. United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (noting that there could be a case where a felon did not know he was a felon where, for example, he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation).

Based on the foregoing, the court concludes that Barfield cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because

8

jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.[4]

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Barfield's petition. Accordingly, the court will dismiss the case without prejudice.

Entered: May 31, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[4] Even if the court were to reach the merits of Barfield's claim, it would still deny his petition, albeit on its merits and with prejudice. "For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Fourth and First Circuits both have held that a federal habeas court reviewing an alleged trial error brought as part of a § 2255 or § 2241 petition cannot award relief to petitioner absent a showing that any error was not "harmless," but had a "substantial and injurious effect" on his conviction. *United States v. Smith,* 723 F.3d 510, 517 (4th Cir. 2013); *see also Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 382 (3d Cir. 2018) (explaining that a federal habeas court should review non-structural errors using the test in *Brecht*, which requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict") (citation omitted).

As the court's analysis in this opinion makes plain, *see generally infra*, Barfield does not offer any evidence to support any claim that he did not know he was a felon at the time of the offense, and the record contains evidence from which a jury easily could have found that he knew he was a felon. Even if the jury had been properly instructed, then, there is not a reasonable likelihood of a different result, let alone a "substantial and injurious" effect on the jury's verdict. So even if the court had jurisdiction over his § 2241 petition, Barfield would not be entitled to relief. *Cf. Greer*, 141 S. Ct. at 2097 (explaining that to show that a *Rehaif* error affected the "substantial rights" of a defendant who went to trial, the defendant must show that "if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted"); *Neder v. United States*, 527 U.S. 1, 17 (1999) (denying habeas relief where intervening law meant that a jury charge omitted a required element of the offense, where "the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error [because] the erroneous instruction is properly found to be harmless").